

# The Attorney General of Texas

January 3, 1980

**MARK WHITE**
Attorney General

Supreme Court Building
P.O. Box 12548
Austin, TX. 78711
512/475-2501

701 Commerce, Suite 200
Dallas, TX. 75202
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

723 Main, Suite 610
Houston, TX. 77002
713/228-0701

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4313 N. Tenth, Suite F
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Hal H. Hood
Firemen's Pension Commissioner
503-F Sam Houston State Office Bldg.
Austin, Texas 78701

Opinion No. MW-122

Re: Whether a retired volunteer fireman may continue to serve.

Dear Commissioner Hood:

You have requested our opinion regarding whether a volunteer fireman who is receiving retirement pay may continue to serve as a volunteer fireman and, if so, whether he would have a claim for disability benefits against the Volunteer Fire Fighters' Relief and Retirement Fund in the event of his disability.

In reading article 6243e.3, V.T.C.S., entitled "Volunteer Fire Fighters' Relief and Retirement Fund," no provision can be found which expressly prohibits a retired volunteer fireman from continuing to serve as a member of a volunteer fire department.

Section 4(a) of this statute states: "A member fire fighter must elect between retirement or disability benefits if eligible for both."

If a retired volunteer fireman continues to serve his department while receiving retirement pay and become disabled, according to the provisions of section 4(a), he must choose between these two benefits. This presumably would not cause an actuarial problem since the governing body under whose jurisdiction the fire department exists would be required to contribute the minimum $12 per month into the fund for each month of qualified service by the retired fireman, see article 6243e.3 § 2(c). This contribution should satisfy the actuarial needs of the fund should a disability occur.

Section 1(l) defines "Qualified service" as follows:

> (l) 'Qualified service' means fire-fighting service rendered without monetary remuneration while a member in good standing of a fire-fighting unit that has no fewer than 10 active members, and a minimum of two drills each month, each drill two hours long, and each active member present at 60 percent of the drills and 25 percent of the fires, or fire-fighting

service rendered without monetary remuneration while a member of a fire-fighting unit which includes paid fire fighters. Absence caused by military duty does not affect qualified service.

There is nothing in the definition of "qualified service" under section 1(l) which indicates that service by a fireman drawing retirement pay cannot be considered "qualified service." A volunteer fireman's receipt of retirement pay does not constitute "monetary remuneration" since he does not receive such pay as a result of his current services to the department.

In the event a volunteer fireman dies, if his death was not a result of his performance of duties as a fire fighter, the lump-sum benefit would be no different if he were active or retired, therefore, a retired fireman's status as an active member in this type of situation would have no effect on the fund.

If, however, his death were caused by his duties as an active member of his department, his survivors would receive a lump-sum payment of no less than $5,000, and a retired fireman's status as an active member in this instance would normally make a difference as to his survivors' benefits. If the $5,000 lump-sum benefit is greater than what the retired fireman's survivors would receive if he had not been in active service, the additional drain on the fund which this would create would here again be compensated for by the fact that the governing body had made monthly contributions into the fund and such contributions have been determined by the actuaries to be sufficient to cover this contingency.

In addition to lump-sum death benefits, section 5(c) and (d) provide for monthly survivor benefits as follows:

> (c) In addition to the lump-sum death benefit, the spouse and dependents shall receive in equal shares a survivor's benefit equal to two-thirds of the disability benefit the decedent would have received at date of death. As long as both spouse and one or more dependents survive, an additional one-third of the disability benefit the decedent would have received at date of death shall be paid to the dependents in equal shares.

> (d) If a member fire fighter dies after retirement, the surviving spouse shall receive two-thirds of the monthly pension the decedent was receiving at the time of death.

As can be seen, these benefits are significantly different depending on whether the fireman is retired or active. Since, in the situation before us, the fireman would be both retired and active, according to the underlying principle of section 4(a) the survivor(s) must choose between the benefit based on the retirement pension or the benefit based on the disability benefit.

## SUMMARY

A retired volunteer fire-fighter may continue to serve his department as an active member and does have a legal claim against the volunteer Fire Fighters' Relief and Retirement Fund in the event of his disability or death. If the fire-fighter is eligible for both disability and retirement benefits, he must elect between them.

Very truly yours,

MARK WHITE
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

TED L. HARTLEY
Executive Assistant Attorney General

Prepared by Eva King Loutzenhiser
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

C. Robert Heath, Chairman
David B. Brooks
Bob Gammage
Susan Garrison
Rick Gilpin
Les King
Eva King Loutzenhiser